**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

PEIRAN ZHENG, individually, and on behalf
of all others similarly situated,

       Plaintiff,

   v.

LIVE AUCTIONEERS LLC, a New York
limited liability company,

       Defendant.

Case No.:  1:20-cv-09744-JGK

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S MOTION
TO STRIKE SUPPLEMENTAL
DECLARATION OF ROBERT
CUMMINGS AND REQUEST FOR
LEAVE TO CONDUCT DISCOVERY**

## <u>TABLE OF CONTENTS</u>

I.     Introduction.............................................................................................................1

II.    The Supplemental Declaration of Robert Cummings Should Be Stricken....................1

III.   Material Factual Issues Exist That Can Only Be Resolved
       After Discovery and an Evidentiary Hearing.................................................................3

IV.    Conclusion .................................................................................................................6

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                  <u>Page(s)</u>

*AP Links, LLC v. Russ*,
No. 09-cv-5437(JS)(AKT), 2017 WL 3394599 (E.D.N.Y. Aug. 7, 2017) ...................................2

*Bravia Capital Partners, Inc. v. Fike*,
296 F.R.D. 136 (S.D.N.Y. 2013) .....................................................................................2

*Distributorsoutlet.com, LLC v. Glasstree, Inc.*,
No. 11-cv-6079 (PKC)(SLT), 2016 WL 3248310 (E.D.N.Y. June 10, 2016)............................5

*Domino Media, Inc. v. Kranis*,
9 F. Supp. 2d 374 (S.D.N.Y. 1998) ................................................................................1

*In re Bridge Const. Services of Florida, Inc.*,
39 F. Supp. 3d 373 (S.D.N.Y. 2014).................................................................................2

*Kaye v. New York City Health & Hosps. Corp.*,
No. 18CV12137JPCJLC, 2020 WL 7237901 (S.D.N.Y. Dec. 9, 2020).......................................2

*Mattera v. Clear Channel Communications, Inc.*,
239 F.R.D. 70 (S.D.N.Y. 2006) ......................................................................................3

*Meyer v. Uber Techs., Inc.*,
868 F.3d 66 (2d Cir. 2017)..........................................................................................2, 3

*Wolters Kluwer Fin. Services Inc. v. Scivantage*,
No. 07 CV 2352 HB, 2007 WL 1098714 (S.D.N.Y. Apr. 12, 2007).........................................2

## <u>Statutes</u>

9 U.S.C. § 4...............................................................................................................1, 3

## I.     Introduction

Despite setting forth the rule that reasonable notice of an online contract depends upon the design and content of the relevant interface, Defendant LiveAuctioneers LLC ("Defendant") knowingly omitted from its original motion to compel arbitration all details about the design and content of its website. What is more, Defendant has provided no explanation why this information was omitted from its original motion to compel arbitration. Indeed, the information was in Defendant's possession the entire time. Having made a calculation at the outset to leave out the relevant interface's design and content, Defendant should not be permitted to spring new supposed evidence as the last word to try to meet a burden of proof that it failed to meet in its original motion.

Defendant's untimely and improper Supplemental Declaration of Robert Cummings (Dkt. #30), which introduces this new evidence, should be stricken, as well the exhibits attached thereto (Dkt. #30-1, 30-2) and all arguments in Defendant's reply brief concerning the Supplemental Declaration and its exhibits.

Alternatively, because Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, requires that the Court determine whether the parties have agreed to arbitrate and resolve factual issues concerning contract formation, Plaintiff respectfully requests an opportunity to conduct discovery to explore the material factual issues raised by discrepancies apparent from Defendant's proffered declarations.

## II.    The Supplemental Declaration of Robert Cummings Should Be Stricken

"New arguments first raised in reply papers in support of a motion will not be considered." *Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998) (declining to consider an untimely declaration attached to a subsequent cross-motion for summary judgment). While "reply papers may properly address new material issues raised in the opposition papers so as to avoid

giving unfair advantage to the answering party," *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013), additional arguments that did not appear in opening briefs should be stricken from a reply. *See AP Links, LLC v. Russ*, No. 09-cv-5437(JS)(AKT), 2017 WL 3394599, at *6 (E.D.N.Y. Aug. 7, 2017) (granting motion to strike portions of a defendant's reply brief that raised new argument). "Typically, in such situations, the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion." *Wolters Kluwer Fin. Services Inc. v. Scivantage*, No. 07 CV 2352 HB, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007); *see also Kaye v. New York City Health & Hosps. Corp.*, No. 18CV12137JPCJLC, 2020 WL 7237901, at *10 n.8 (S.D.N.Y. Dec. 9, 2020) (raising an argument for the first time in reply papers is improper sandbagging). The Supplemental Declaration of Robert Cummings, its exhibits, and the arguments in Defendant's reply brief based on them, are untimely, improper, and should be stricken.

Arguments and evidence submitted for the first time in reply should not be considered unless they avoid giving unfair advantage to the answering party. *In re Bridge Const. Services of Florida, Inc.*, 39 F. Supp. 3d 373, 385 (S.D.N.Y. 2014); *Mattera v. Clear Channel Communications, Inc.*, 239 F.R.D. 70, 74 n.4 (S.D.N.Y. 2006). Defendant's Supplemental Declaration does not meet this standard. Plaintiff's opposition identified the shortcoming in Defendant's motion. Defendant's Supplemental Declaration merely seeks another bite at the apple. A bite it previously declined to take. Defendant knowingly omitted information regarding the design and content of its website in its motion to compel arbitration. Indeed, Defendant's opening brief sets forth the rule that courts only "enforce web-based contracts when a plaintiff is either aware of the terms of the agreement or if a 'reasonably prudent user would be on inquiry notice of the terms' and the user manifests unambiguous consent to the same." Def.'s Br. 7 (citing *Meyer v.*

*Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017)). In Defendant's motion, Defendant cites the applicable standard that "clarity and conspicuousness are a function of the design and content of the relevant interface." *Id*. Yet, as pointed out in Plaintiff's opposition, Defendant failed to provide any indication of what the relevant interface looked like and thus, Defendant provided no reason for the Court to grant its motion. Plaintiff's response is not the type of separate matter warranting a second opportunity for Defendant to attempt to meet its burden.

Rather than provide the Court with a true and accurate depiction of the relevant interface that Plaintiff would purportedly have seen had he visited Defendant's website on October 28, 2019, Defendant asked the Court in its opening brief to conclude that merely checking a box was sufficient to indicate assent to the Terms. *See* Def.'s Br. 8–9. For the reasons set forth in Plaintiff's opposition brief, that argument lacks merit. Defendant's attempt to retreat from this position in its reply brief and multiply the briefing on this motion should not be countenanced. The new arguments, exhibits, and assertions in Defendant's reply brief and the Supplemental Declaration of Cummings should be stricken.

### III.   Material Factual Issues Exist That Can Only Be Resolved After Discovery and an Evidentiary Hearing

Should the Court be inclined to consider Defendant's untimely arguments and evidence presented for the first time in its reply, Plaintiff requests leave to conduct discovery. The Federal Arbitration Act, 9 U.S.C.§ 4, provides in part that "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." In this case, there are material facts in dispute regarding how Defendant's website appeared on October 28, 2019. Plaintiff has obtained from archive.org the version of Defendant's website as it appeared on

October 28, 2019.[1] *See* Declaration of Jeffrey D. Blake ("Blake Decl."). Contrary to Cummings'

assertion in his untimely Supplemental Declaration, no banner appears on the archived website.

*See* Blake Decl. ¶¶ 3–5. Image #1 below is a screenshot of archive.org's capture of Defendant's

home page on October 28, 2019. Image #2 below is a screenshot of the same webpage after the

Internet Archive Wayback Machine pane at the top of the webpage is closed by clicking on the x

button in the upper right-hand corner just above the Twitter logo. *See* Blake Decl. ¶¶ 4–5.



Image #1 from Blake Declaration.

---

[1] https://web.archive.org/web/20191028221855/https://www.liveauctioneers.com/.



Image #2 from Blake Declaration.

Courts routinely take judicial notice of archived webpages on archive.org pursuant to Federal Rule of Evidence 201, and the Court should likewise do so here. *See, e.g.*, *Distributorsoutlet.com, LLC v. Glasstree, Inc.*, No. 11-cv-6079 (PKC)(SLT), 2016 WL 3248310, at *2 (E.D.N.Y. June 10, 2016) (collecting cases). Indeed, *Defendant* has relied on certain webpages from archive.org in Cummings' original declaration. *See* Cummings Decl. ¶¶ 2, 8, 10 (Dkt. #19, 19-2, 19-4). While Defendant relied upon archive.org for its purposes in its original motion, Defendant changed course in the Supplemental Declaration and purports to show a *preproduction version* of its website's home page, https://preprod-test.liveauctioneers.com. *See* Exhibit F to Cummings' Supplemental Decl. (Dkt. #30-1).

The archive.org archived images of Defendant's website contradict Defendant's story regarding the presence of a banner on the website, which explains why Defendant chose to hide the archived images from the Court. The archive.org evidence showing Defendant's website that

was captured by the Internet Archive differs from the *preproduction* version in Cummings' untimely Supplemental Declaration, as there is *no banner* atop the webpage that was actually in use on October 28, 2019.

Furthermore, the upcoming auctions that appear in Exhibit F to the Supplemental Declaration (Dkt. #30-1) indicate very recent dates (March 9, 2021 and March 13, 2021) that could not have been displayed to anyone on October 28, 2019.

Accordingly, if the Court is not inclined to strike the untimely Supplemental Declaration, exhibits and arguments, Plaintiff requests leave to conduct discovery to resolve these conflicting material facts.

**IV.    Conclusion**

For the reasons set forth above, Plaintiff respectfully requests that the Supplemental Declaration of Robert Cummings, its exhibits, and arguments based on them be stricken. Secondarily, Plaintiff requests leave to conduct discovery regarding material issues of fact concerning alleged contract formation, and for any other relief the Court deems just under the circumstances.

Respectfully submitted,

/s/ Javier L. Merino
Javier L. Merino
DannLaw
42 Broadway, 12th Floor
New York, NY 10004
Tel: (216) 373-0539
Fax: (216) 373-0536

Mark L. Javitch (pro hac vice)
JAVITCH LAW OFFICE
480 S. Ellsworth Avenue
San Mateo CA 94401
Tel: (650) 781-8000

6

Fax: (650) 648-0705

Thomas A. Zimmerman, Jr. (pro hac vice)
*tom@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Tel: (312) 440-0020
Fax: (312) 440-4180
www.attorneyzim.com

*Attorneys for Plaintiff and the Putative Class*

Dated: March 19, 2021

.

## **CERTIFICATE OF COMPLIANCE**

I, Javier Merino, one of the attorneys for Plaintiff Peiran Zheng, hereby certify that this brief contains 1,431 words and that it complies with the formatting rules described in Your Honor's Individual Practices dated May 28, 2020.


/s/ Javier Merino
Javier Merino